IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOINE BOYD,

      Plaintiff,                      No. CIV S-05-1425 DFL GGH P

      vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.              <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $19.86 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1

1  Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the
2  preceding month's income credited to plaintiff's prison trust account. These payments will be
3  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
4  account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

5        The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
7  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief. 28
10  U.S.C. § 1915A(b)(1),(2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
14  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
15  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
16  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17  Cir. 1989); Franklin, 745 F.2d at 1227.

18        A complaint, or portion thereof, should only be dismissed for failure to state a
19  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
20  of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King &
21  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
22  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing
23  a complaint under this standard, the court must accept as true the allegations of the complaint in
24  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
25  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
26  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Named as defendants are the California Department of Corrections, Correctional Officer Dunn, Correctional Sergeant Quezada, D. Mayle and P. Statti. Plaintiff alleges that while housed at High Desert State Prison (HDSP), he and inmate Allen had a physical encounter. As a result of this incident, plaintiff and inmate Allen were ordered to remain separate and their names appeared on each other's enemy list.

On May 2, 1998, two weeks after the first incident, plaintiff was released to the exercise yard. At that time, plaintiff saw inmate Allen who then attacked him. Plaintiff heard defendant Dunn yell, "Get down." Inmate Allen refused the order and continued striking plaintiff. Defendant Dunn then shot a wooden baton round which hit plaintiff in the face. After the third shot, inmate Allen obeyed the order and got down. Both plaintiff and inmate Allen were charged with mutual combat.

On June 17, 1998, defendant Statti interviewed plaintiff. Defendant Statti determined that plaintiff was not guilty of mutual combat and the charge was dismissed.

Plaintiff alleges that defendant Quezada was the Supervising Sergeant for housing and the exercise yard where plaintiff was housed on May 2, 1998. Plaintiff alleges that defendant Quezada was aware that before inmates are permitted to go out on the yard, they must be screened for compatibility, which includes reviewing their enemy lists.

Plaintiff's complaint contains one legal claim: that defendants violated his Eighth Amendment rights by failing to protect him from inmate Allen. Plaintiff's complaint states a colorable failure to protect claim against defendant Quezada.

Plaintiff does not allege how defendants Dunn and Statti caused him to be placed on the exercise yard with inmate Allen.[1] The Civil Rights Act under which this action was filed provides as follows:

/////

---

[1] Plaintiff is not making an excessive force claim against defendant Dunn based on his firing of the wooden baton rounds.

3

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has not linked defendants Dunn and Statti to his failure to protect claim, the claims against these defendants are dismissed with leave to amend.

The only allegations against defendant Mayle are that at the time of the incident, she was responsible for maintaining the security and safety of the inmates on plaintiff's exercise yard. Plaintiff alleges that defendant Mayle supervised defendant Quezada. Plaintiff appears to be basing the liability of defendant Mayle on a theory of respondeat superior. Plaintiff does not allege, for example, that defendant Mayle directly participated in the decision to place him on the yard with inmate Allen. Accordingly, the claims against defendant Mayle are dismissed with

4

leave to amend.

The Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See <u>Quern v. Jordan</u>, 440 U.S. 332, 99 S.Ct. 1139 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781, 98 S.Ct. 3057 (1978)( per curiam); <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. <u>Wisconsin Department of Corrections v. Schacht</u>, 524 U.S. 381, 389, 118 S.Ct. 2047, 2052 (1998); <u>Edelman v. Jordan</u>, 415 U.S. 651, 677-78, 94 S.Ct. 1347, 1362-1363 (1974). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the California Department of Corrections are legally frivolous and must be dismissed. Plaintiff should not include his claims against this defendant if he files an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $19.86. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

/////

1        3. All of the claims but for those against defendant Quezada are dismissed;
2 plaintiff is granted thirty days from the date of this order to file an amended complaint. Failure
3 to file an amended complaint will result in a recommendation that these claims be dismissed
4 from this action.
5       4. Upon filing an amended complaint or expiration of the time allowed therefor,
6 the court will make further orders for service of process upon some or all of the defendants.
7 DATED: 8/24/05

          /s/ Gregory G. Hollows

          GREGORY G. HOLLOWS
          UNITED STATES MAGISTRATE JUDGE

ggh:kj
boy1425.b1