IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOINE BOYD,

        Plaintiff,                      No. CIV S- 05-1425 DFL GGH P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed July 7, 2006, on grounds that this action is barred by the statute of limitations. After carefully considering the record, the court recommends that defendants' motion be granted.

Legal Standard for Motion to Dismiss

        In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421,

1  89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869 (1969).  The court will "'presume that general
2  allegations embrace those specific facts that are necessary to support the claim.'"  NOW, 510
3  U.S. at 256; 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S.555, 561, 112 S.
4  Ct. 2130, 2137 (1992).  Moreover, pro se pleadings are held to a less stringent standard than
5  those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

6        The court may consider facts established by exhibits attached to the complaint.
7  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may disregard
8  allegations in the complaint if they are contradicted by facts established by exhibits attached to
9  the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).
10 Furthermore, the court is not required to accept as true allegations that contradict facts which
11 may be judicially noticed.  Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir.
12 1987), cert. denied, 486 U.S. 1040 (1988).  The court need not accept as true conclusory
13 allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining
14 Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).  The court
15 need not accept legal conclusions "cast in the form of factual allegations."  Western Mining
16 Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).

17        A pro se litigant is entitled to notice of the deficiencies in the complaint and an
18 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See
19 Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).  Finally, the court may grant dismissal on
20 grounds that the action is barred by the statute of limitations "pursuant to Fed. R. Civ. P. 12(b)(6)
21 only if the assertions of the complaint, read with the required liberality, would not permit the
22 plaintiff to prove that the statute was tolled."  TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir.
23 1999), citing Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991) (quoting Jablon v. Dean
24 Witter & Co., 614 F.2d 677, 682 (9th Cir.1980)).
25 /////
26 /////

Plaintiff's Allegations

Plaintiff originally filed this action in the United States District Court for the Northern District of California on June 6, 2005. On July 15, 2005, the Northern District transferred the case to this court.

This action is proceeding on the amended complaint filed December 1, 2005, as to defendants Quezada and Dunn. Plaintiff alleges that on April 3, 1998, he and inmate Allen were involved in an altercation. After this incident, plaintiff and Allen were listed as enemies in their prison file, meaning that they should not be housed together.

On April 21, 1998, inmate Allen was moved to administrative segregation unit D-6. On May 1, 1998, plaintiff was moved to the same housing unit. On May 2, 1998, defendant Quezada released plaintiff to the exercise yard with inmate Allen. Inmate Allen immediately attacked plaintiff by hitting him in the face and upper body area with his fist. One minute after the attack started, defendant Dunn told everyone on the exercise yard to get down. Plaintiff tried to get down but inmate Allen kept up the attack. Inmate Allen kicked plaintiff in the side, causing him unbearable pain. Plaintiff heard a loud sound, and realized that defendant Dunn had shot him in the face with a wooden block gun.

After the incident, plaintiff was examined by the medical staff who found the following injuries: a one inch abrasion on plaintiff's cheek, a one quarter inch cut below the abrasion, a slight edema to plaintiff's finger, a superficial abrasion on plaintiff's right thigh and a superficial scratch on plaintiff's right cheek.

Discussion

Federal courts apply the personal injury statute of limitations of the forum state to section 1983 claims, and in California, prior to January 2003, the applicable statute of limitations was one year, as codified in Cal.Code Civ.Proc. § 340(3). Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999), citing Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938 (1985); Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994).

1    However, as of January 1, 2003, California amended the statute of limitations for
2  a personal injury action setting forth that a personal injury action must be filed within two years,
3  not one year, of the accrual of the cause of action. Cal.Code Civ. Proc. § 335.1. It is not
4  retroactive, except for victims of the September 11, 2001 terrorist actions. Maldonado v. Harris,
5  370 F.3d 945, 955 (9th Cir. 2004); Rodriguez v. Superior Court, 108 Cal. App. 4th 301, 303, 133
6  Cal. Rptr. 2d 294, 296, n. 2 (2003) (citing Stats. 2002, ch. 448, § 1.).

7    Cal. Code Civ. Pro. § 352,1 provides that a prisoner *serving a term of less than*
8  *life* is entitled to a two-year tolling provision before the commencement of the statute of
9  limitations for bringing a civil rights action. There are no tolling provisions for prisoners serving
10 a life sentence. Therefore, at most plaintiff is entitled to a two year tolling period.

11   Because plaintiff's claim accrued prior to January 2003, plaintiff is entitled to a
12 one year statute of limitations and two years of tolling. Therefore, plaintiff had three years from
13 the May 2, 1998, incident to bring a timely federal action. The instant action, filed June 6, 2005,
14 is not timely.

15   In his opposition, plaintiff suggests that his claim did not accrue until he
16 discovered the true extent of the injuries, both mental and physical, caused by the May 2, 1998,
17 incident. Plaintiff does not explain when he discovered these additional injuries.

18   Federal law governs when a cause of action accrues and the statutory period
19 begins to run. Morales v. City of Los Angeles, 214 F.3d 1151, 1153-1154 (9th Cir. 2000);
20 Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.1991). "A federal claim accrues
21 when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'"
22 Morales, supra, at 1154 (quoting TwoRivers c. Lewis, supra, 174 F.3d at 991); Bagley, supra, at
23 760 (quoting Norco Construction, Inc. v. King County, 801 F.2d 1143, 1145 (9th Cir. 1986), in
24 turn quoting Trotter v. International Longshoremen's & Warehousemen's Union, 704 F.2d 1141,
25 1143 (9th Cir. 1983)).

26 \\\\\

That plaintiff later discovered that he suffered additional injuries as a result of the May 2, 1998, incident does not alter the date his claims accrued. It is clear from the allegations in the amended complaint that on May 2, 1998, plaintiff was aware of injuries caused by defendants' alleged conduct, i.e. the abrasions to his face and thigh, the scratch to his cheek and the edema to his finger. That plaintiff later discovered additional injuries does not change the date on which his claims accrued.

For the reasons discussed above, the court finds that this action is barred by the statute of limitations.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' July 7, 2006, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 9/7/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kj
boy1425.mtd